UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHAREE MILLER, | Case No. 15-14164 |
|         Plaintiff, | Sean F. Cox |
| v. | United States District Judge |
| ANTHONY STEWART, *et al*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
|         Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 13)**

**I.     PROCEDURAL HISTORY**

Plaintiff filed this lawsuit on November 25, 2015, against three defendants employed by the Michigan Department of Corrections, claiming retaliation under the First Amendment and a claim under Michigan's Whistleblower's Protection Act.  (Dkt. 1).  On February 18, 2016, District Judge Sean F. Cox referred this matter to the undersigned for all pretrial proceedings.  (Dkt. 7).  In lieu of answering the complaint, defendants filed a motion to dismiss the complaint on March 23, 2016.  (Dkt. 13).  On May 18, 2016, plaintiff filed a response and on June 6, 2016, defendants filed their reply.  (Dkt. 19, 20).  The parties filed their joint statement of resolved and unresolved issue on September 8, 2016.  (Dkt. 22).

The parties agree that defendants' partial motion to dismiss with respect to

the free standing claim under the Fourteenth Amendment is resolved and no longer pending before the Court.  (Dkt. 22, Pg ID 207).  Thus, the following issues remain in dispute: (1) whether plaintiff exhausted her administrative remedies against Stewart as to the First Amendment claim; (2) whether plaintiff timely filed her WPA claim in court; and (3) whether plaintiff is an "employee" under the WPA.  On September 22, 2016, the Court held a hearing.  (Dkt. 21).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **DENIED**.

## II.    FACTUAL BACKGROUND

Plaintiff brought suit against three employees of the Huron Valley Correctional Facility (WHV), which is located in Ypsilanti, Michigan.  First, she sues Warden Anthony Stewart in his official capacity only.  According to defendants, Stewart did not begin working as Warden at WHV until February 1, 2015, after the allegations in the Complaint arose.  Plaintiff also sues Inspector Robin Howard and Classification employee Renata Patton in their individual capacities.  (Dkt. 1, Pg ID 1-3).  Plaintiff claims that she was released from the Prisoner Observation Aid (POA) Program at WHV in retaliation for complaining about the mistreatment of the prisoners that she was observing as part of the POA program.  (Dkt. 1, Pg ID 3-10).  Plaintiff alleges violations of her rights under the

First Amendment of the Constitution (Dkt. 1, Pg ID 10-11) and claims that defendants violated her rights under Michigan's Whistleblowers' Protection Act, codified in Mich. Comp. Laws §§ 15.361-15.369. (Dkt. 1, Pg ID 11-12). Plaintiff seeks both compensatory and injunctive relief against defendants Howard and Patton, but only injunctive relief against Stewart. (Dkt. 1, Pg ID 12).

For the purposes of this motion only, defendants do not dispute the facts as laid out in the Complaint, with one exception. According to defendants, the Michigan Department of Corrections (MDOC) does not consider plaintiff's assignment as a POA to be employment, as plaintiff has asserted in her Complaint. (Dkt. 1, Pg ID 2). Defendants maintain that MDOC treats plaintiff's assignment as POA as a prisoner work assignment and not employment with the State of Michigan. (Dkt. 13, Ex. A, "MDOC PD 05.02.110" ¶ A). As plaintiff asserts in her Complaint, she was terminated from the POA program in July 2014. (Dkt. 1, Pg ID 9).

Plaintiff filed a grievance regarding the termination on August 1, 2014. (Dkt. 13, Ex. B "Grievance Information"), which she pursued to all three steps of the grievance process, in accordance with MDOC policy. According to MDOC records, plaintiff filed no other grievances regarding the issue that she appealed to the Step III level. (Dkt. 13, Ex. B). The grievance that plaintiff filed regarding her termination, identified as WHV 2014 08 3411 02A, did not name or identify

3

Stewart. *Id.*

## III. ANALYSIS AND CONCLUSIONS

    A.    <u>Standard of Review</u>

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting, *Twombly,* 550 U.S. at 555 (citations and internal quotation marks omitted)). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.,* quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or

4

suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

B. <u>Whether Plaintiff is an Employee of MDOC for Purposes of the WPA</u>

The defendants' principally-stated ground for dismissal is premature and ill-suited to a judgment based on failure to state a claim. Specifically, defendants maintain that the plaintiff does not qualify as an "employee" under the statute. However, that determination is, of necessity a factually driven inquiry, which will require development of the record. Under the WPA, "employee" is defined as "a person who performs a service for wages or other remuneration under a contract for hire, written or oral, express or implied…" Mich. Comp. Laws § 15.361(a).

In support of their argument, defendants point out that MDOC policy specifies that prisoners performing prisoner work assignments are not employees of the Department. (Dkt. 13, Ex. A, ¶ A). Furthermore, they assert that plaintiff does not meet the "economic reality test" applied by Michigan Courts in determining whether a person is an employee of a particular entity. *Chilingirian v. City of Frazer*, 194 Mich. App. 65, 69 (1992), aff'd on remand, 200 Mich. App. 198 (1993). The economic reality test looks to the totality of the circumstances surrounding the work performed. *Chilingirian*, 194 Mich. App. at 69. Relevant factors include (1) control of a worker's duties; (2) payment of wages; (3) right to hire, fire and discipline; and (4) the performance of duties as an integral part of the

5

employer's business toward the accomplishment of a common goal. *Id*. In addition to not being classified as an MDOC employee by policy, as stated above, defendants also argue that plaintiff's assignment as a POA is not an "integral part" of the MDOC's business toward the accomplishment of a common goal. They point out that MDOC's mission statement explains that the Department's goal is to "create a safer Michigan through effective offender management and supervision in our facilities and communities while holding offenders accountable and promoting their rehabilitation." (Dkt. 13, Ex. E, "PD 01.01.100"). According to defendants, plaintiff's duties in the POA program as described in the complaint cannot be considered to be part of the MDOC's integral business because plaintiff's POA duties do nothing to further the MDOC goal of effective offender management and supervision since plaintiff, a prisoner, is not in a position to manage or supervise offenders to assist in any way with their rehabilitation.

In the view of the undersigned, the Court need not decide whether plaintiff was an employee because defendants rely on matters outside the pleadings for its argument that plaintiff was not an employee. The inquiry on a motion to dismiss is whether the complaint sets forth allegations sufficient to make out the elements of a right to relief. *Jackson v. Richards Medical Co.*, 961 F.2d, 575, 577-78 (6th Cir. 1992). Matters outside the pleadings are not to be considered and all well-pleaded facts must be taken as true. *Id*. In ruling on a motion to dismiss for

6

failure to state a claim on which relief may be granted, the court construes the complaint in the light most favorable to the plaintiff, and must determine whether the plaintiff can prove any set of facts that would entitle him to relief. *Alford v. City of Detroit*, 657 F.Supp.2d 847, 851 (E.D. Mich. 2009). While "conclusory allegations or legal conclusions masquerading as factual assertions" are insufficient, all reasonable inferences which might be drawn from the pleadings must be indulged. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

Defendants have not even argued that the allegations in the complaint are insufficient. Rather, they only argue (1) MDOC policy says plaintiff is not an employee; and (2) her "employment" was not integral to MDOC's business, again relying on materials outside the four corners of the complaint. Thus, at this stage of the proceedings, the motion to dismiss must be denied.

It is also notable that the economic realities test is a fact-intensive inquiry that is unlikely to ever be decided on a motion to dismiss. This test under Michigan law and the WPA is exactly like the one used under federal employment statutes. For example, under FLSA, the courts look to this test. The Sixth Circuit generally analyzes six factors in applying the "economic realities" test: (1) the permanency of the relationship between the parties; (2) the degree of skill required for the rendering of the services; (3) the worker's investment in equipment or materials for the task; (4) the worker's opportunity for profit or loss, depending on

his skill; (5) the degree of the alleged employer's right to control the manner in which the work is performed; and (6) whether the service rendered is an integral part of the alleged employer's business. *Imars v. Contractors Manufacturing Services, Inc.*, 1998 WL 598778, *3 (6th Cir. 1998) (citing *Donovan v. Brandel*, 736 F.2d 1114, 1117 (6th Cir. 1984)). The multi-factor "economic realities" test "looks to whether the putative employee is economically dependent upon the principal or is instead in business for himself. This test is a loose formulation, leaving the determination of employment status to case-by-case resolution based on the totality of the circumstances." *Imars*, 1998 WL 598778, *2 (quoting, *Lilley v. BTM Corp.*, 958 F.2d 746, 750 (6th Cir. 1992) (citations omitted)). Generally, the question of "[w]hether a particular situation is an employment relationship is a question of law, however, where material facts are in dispute, the question of whether someone is an 'employee' is a matter for the jury." *Imars*, at *3 (citing, *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1542 (7th Cir. 1987) (Easterbrook, J., concurring) ("If we are to have multiple factors, we also should have a trial. A fact-bound approach calling for the balancing of incommensurables, an approach in which no ascertainable legal rule determines a unique outcome, is one in which the trier of fact plays the principal part.")). Based on the foregoing, the determination of whether plaintiff is an employee may be made via summary judgment or trial, but not by way of a motion to dismiss. This

conclusion is, in fact, illustrated by defendants' use of exhibits outside the pleadings to make their case that she is not. This is simply not appropriate in the context of a motion to dismiss and thus, the motion should be denied.

    C.    <u>WPA Statute of Limitations</u>

Defendants also contend that plaintiff's WPA claim was untimely filed, and as a consequence should be dismissed. The WPA, Mich. Comp. Laws § 15.363(1) requires that an individual alleging a violation of the Act must bring a civil action within 90 days of the occurrence that allegedly violated the statute. Plaintiff alleges that she was terminated from her POA assignment in July 2014. (Dkt. 1, Pg ID 9). However, she did not file her complaint until November 25, 2015, well beyond the 90 day period set forth in the plain language of the statute. Therefore, defendants maintain that her WPA claim is time-barred.

Plaintiff counters that she filed her complaint before the expiration of the 90 day period once she successfully exhausted her administrative remedies as required by law. She explains that she was not only required to exhaust her federal claims under the PLRA, but also her state law claims under Mich. Comp. Laws § 600.5503(1) which provides that a "prisoner shall not file an action concerning prison conditions until the prisoner has exhausted all available administrative remedies."

In reply, defendants contend that the WPA limitations period does not

contain any exception for an individual required to comply with a prison grievance process. Defendants also argue that plaintiff was required under the WPA to bring her action in state circuit court. As to the latter assertion, defendants cite no authority suggesting that a federal court cannot exercise supplemental jurisdiction over such a claim. Indeed, to the contrary, WPA claims are routinely brought in federal court under the Court's supplemental jurisdiction. *See e.g.*, *McCray v. Carter*, 571 Fed. Appx. 392, 400 (6th Cir. 2014) ("This case is in federal court on the basis of federal question jurisdiction, with supplemental jurisdiction covering Plaintiff's WPA claim. *See* 28 U.S.C. § 1367.").

Moreover, defendants' assertion that the WPA would need to contain an express "exception" to the limitations period for claims requiring administrative exhaustion in order to toll the period is unpersuasive. The Michigan legislature made it quite clear that *all* prisoner cases require exhaustion; it would make little sense to then pick and choose which statutes require express exceptions as to when this requirement would apply. The statute requiring exhaustion applies to all claims involving "prison conditions," and defendants do not suggest that this claim does not involve prison conditions. Yet, while defendants acknowledge plaintiff's responsibility to exhaust administrative remedies under the PLRA, they wholly fail to address the same requirement under Mich. Comp. Law § 600.5503(1), or to reconcile the tension related to timing of actions between

10

§ 5503(1) and the WPA. Neither do defendants point to any other Michigan statutes containing such an exception. Rather, defendants flatly assert that the WPA's silence on the issue of tolling for exhaustion in prisoner cases supports their principal contention that prisoners are not employees.

While there are no cases interpreting § 5503(1), plaintiff suggests that, given its similarity to the PLRA, tolling applies just as it would in federal court. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) ("Prisoners are [ ] prevented from bringing suit in federal court for the period of time of exhausted 'such administrative remedies as are available.' For this reason, the statute of limitations ... [is] tolled for the period during which [ ] state remedies [are] being exhausted."). The undersigned agrees that plaintiff's interpretation makes the most sense and gives effect to all provisions of Michigan law, as opposed to defendants' interpretation, which would render one or the other of the statutes a complete nullity.

D.   Exhaustion of Administrative Remedies Against Stewart

Defendants assert that the claim against Stewart is not exhausted because he was not named in the grievance. Plaintiff concedes that Stewart is not identified in the grievance which generally exhausts plaintiff's claims. However, plaintiff maintains that Stewart's omission is of no moment since the MDOC grievance policy only requires that persons "involved" in the conduct complained of be

named in the grievance. Here, Stewart was not involved and is being sued only in his official capacity for the purposes of obtaining injunctive relief. Plaintiff points out that failing to name a particular person does not render exhaustion per se inadequate. *Jones v. Bock*, 549 U.S. 199, 219 (2007). Rather, the prison's grievance procedure defines the bounds of proper exhaustion. *Id*. at 218. Here, the prison procedure did not require plaintiff to name Stewart because he was not involved in the conduct about which she complained. Plaintiff also contends that "official capacity" suits do not "falter on a defendant's lack of personal involvement." *Jones v. Heyns*, 2014 WL 1607621, *3 (W.D. Mich. 2014). And, as long as the government receives notice and an opportunity to respond, an official-capacity suit is to be treated as a suit against the entity. *Id*. at *5.

Defendants' argument is without merit. While the grievance procedure *may* promote early notice to those who might later be sued, that has not been considered one of the leading purposes of the exhaustion requirement. *Moffat v. MDOC*, 2010 WL 3906115, *7 (E.D. Mich. 2010) (citing *Jones*, 549 U.S. 199) (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2006) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation"). Rather, the leading purposes of the exhaustion requirement have been met where

prison officials were alerted to the plaintiff's complaints, the MDOC addressed all of plaintiff's allegations on their merits, and the litigation was improved by the preparation of a useful record. *Id*. Therefore, even where a plaintiff may not have specifically named all of the defendants or described all of the specific claims in the initial grievance, where the grievance was considered on the merits, a plaintiff has properly exhausted the required administrative remedies prior to filing this lawsuit. *Id*. The foregoing principles dispose of defendants' failure to exhaust argument and the Court need not address the issue raised by plaintiff regarding official capacity suits and whether such persons need to be named in the grievance because they were not "involved" as required by the MDOC grievance procedure.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 13, 2016                    s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on December 13, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov