UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sharee Miller,

    Plaintiff,

v.                                  Case No. 15-14164

Anthony Stewart, *et al.*,        Sean F. Cox
                                            United States District Court Judge

    Defendants.
_____/

**ORDER ADOPTING
3/1/19 REPORT & RECOMMENDATION**

Acting through counsel, Plaintiff Sharee Miller ("Miller") filed this action against Defendants on November 25, 2015, claiming retaliation under the First Amendment and a claim under Michigan's Whistleblower's Protection Act ("WPA"). Miller, an inmate in the Michigan Department of Corrections, alleges that her termination from her position as Prisoner Observation Aide ("POA") violated Michigan's WPA and that Defendants retaliated against her in violation of her First Amendment rights. The action was referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings.

After discovery concluded, Defendants filed a Motion for Summary Judgment. In a forty-two page Report and Recommendation ("R&R") issued on March 1, 2019, the magistrate judge recommends that the Court grant the motion in part and deny it in part. (ECF No. 94). More specifically, she recommends that the Court grant summary judgment in favor of Defendants as to Miller's WPA claim because Miller was not an "employee" for purposes of the WPA and that claim therefore fails. She further recommends that the Court grant summary

1

judgment in Defendants' favor as to Miller's First Amendment retaliation claim, as to her claim for money damages only, because Defendants are entitled to qualified immunity. She recommends that the Court deny the motion to extent that Defendants seek summary judgment as to Miller's First Amendment retaliation claim against Defendants in their official capacity.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.

Miller filed timely objections to the R&R on March 15, 2019. (ECF No. 96). Miller objects to recommendations as to both counts.

**A.      Objections Pertaining To WPA Count**

As to Miller's WPA Count, Miller asserts that the R&R erroneously concluded that Defendants are entitled to summary judgment as to that count because Miller was not an employee for purposes of the WPA. Miller also objects to the R&R because the magistrate judge did not apply the economic reality test to Miller's WPA claim and did not address whether Miller's termination was a pretext for unlawful retaliation under the WPA.

In the R&R, the magistrate judge considered, as a threshold matter, "whether the WPA, which applies to those in an employee-employer relationship as defined by statute, applies to inmates working for pay while in the custody of the Michigan Department of Corrections." (R&R at 14). She correctly noted that, "in the absence of binding case law from the Michigan Supreme Court, this Court must predict how the state's highest court would rule on this issue." (*Id*. at 14-15). The magistrate judge thoroughly analyzed the issue and concluded that "the Michigan Supreme Court would follow the great weight of case law from around the country

2

concluding that statutes applying to the employee-employer relationship simply do not apply to inmates working while incarcerated." (*Id*. at 17).

The magistrate judge considered Miller's arguments regarding the economic reality test but ultimately concluded, as explained in the R&R, that "the 'economic reality' of Miller's job does not suggest a traditional employee-employer relationship. Rather, the fact that she had a job as a POA is based on the MDOC's penological system and her work has a penological purpose." (R&R at 21).

As such, she ultimately concluded that Miller was not an "'employee' for purposes of the WPA and her claim based on that statute must fail." (*Id.*).

This Court concurs with the magistrate judge's analysis and her ultimate conclusion that Miller was not an employee for purposes of the WPA.

To the extent that Miller faults the magistrate judge for not addressing pretext, that objection is also without merit. Because the magistrate judge concluded that Miller was not an employee for purposes of the WPA, that claim fails and it was not necessary for the magistrate judge to further analyze that claim.

**B.     Objections Pertaining To First Amendment Retaliation Count**

As to Miller's First Amendment retaliation claim, Miller objects to the magistrate judge's conclusion that Defendants are entitled to qualified immunity. In doing so, Miller asserts that the magistrate judge inappropriately narrowed the "clearly established" constitutional right inquiry.

The Court disagrees. Qualified immunity requires a plaintiff such as Miller "to plead facts making out a violation of a constitutional right clearly established in a particularized sense.

3

That is, the right said to have been violated must be defined in light of the specific context of the case, not as a broad general proposition. *See, e.g., Johnson v. Mosely*, 790 F.3d 649, 654 (6th Cir. 2015). Here, Miller drew the right in a too generalized way.

Miller also asserts that the magistrate judge erred in concluding that the four out-of-circuit authorities relied on by Miller were not sufficient under the standard set forth in *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171 (6th Cir. 1988). The undersigned disagrees. The magistrate judge thoroughly analyzed this issue and explained as follows:

> The undersigned is not persuaded that a handful of unpublished district court cases from California and the Ninth Circuit establishes the "wide variety of sources" exception to the requirement that a plaintiff must offer authority from this court, the Sixth Circuit, or the Supreme Court to avoid the application of qualified immunity. *See Seiter*, *supra* ("For the decisions of other courts to provide such 'clearly established law,' these decisions must both point unmistakably to the unconstitutionality of the conduct complained of and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting."). Moreover, these cases are readily distinguishable because they did not involve alleged violations of a confidentiality policy purporting to protect the privacy and health information of other prisoners.
> The undersigned agrees with Miller that it is well-established in this Circuit that prison officials generally cannot terminate a prisoner from a prison job based on the exercise of the prisoner's First Amendment rights. *See e.g.*, *Good v. Walworth*, 2018 WL 151872 (E.D. Mich. Mar. 27, 2018) (Applying *Seiter* and concluding that decisions within this circuit and other circuits clearly establish that termination from prison employment in retaliation for protected conduct can constitute adverse action.). Here, however, the appropriate inquiry for purposes of qualified immunity is narrower. The pertinent question before the Court is whether a reasonable prison official would understand that terminating a prisoner from a prison job for violating a confidentiality policy that is, as plaintiff admits, not unconstitutional on its face, is clearly established. There are no cases of appropriate precedential value addressing the rights of a prisoner working as a POA (or in any other capacity) to report alleged abuses outside of the prison. There are also no cases of which the undersigned is aware challenging the constitutionality of the confidentiality provision in the Prisoner Observation Rules and Procedures. Thus, a reasonable prison official would not have known that terminating Miller for violating its confidentiality provision was unconstitutional.

(R&R at 37-38). This Court agrees that the out-of-circuit cases relied on by Miller do not meet the standard set forth in *Seiter*.

As such, the Court concurs with the magistrate judge's conclusion that Defendants are entitled to qualified immunity.

Finally, Miller argues that "[b]ecause the Defendants are not entitled to qualified immunity," the magistrate judge "erred in recommending that summary judgment on Miller's claim for monetary damages be granted." (Objs. at 17). Because this Court concurs with the magistrate judge that Defendants are entitled to qualified immunity, this objection is without merit.

## CONCLUSION & ORDER

For the reasons set forth above, the Court concludes that Miller's objections are without merit and ADOPTS the magistrate judge's March 1, 2019 R&R.

IT IS FURTHER ORDERED that Defendants' Summary Judgment Motion is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent that the Court grants summary judgment in Defendants' favor as to: 1) Miller's WPA claim; and 2) Miller's First Amendment retaliation claim, as to her claims for monetary damages only. The motion is DENIED to the extent that Defendants seek summary judgment on Miller's First Amendment retaliation claim against Defendants in their official capacity.

IT IS SO ORDERED.

Dated: March 27, 2019    s/ Sean F. Cox
                         Sean F. Cox
                         U. S. District Judge